Peck, J.
delivered the opinion of the court.
This case turns upon the view taken of it by the circuit judge, in his charge to the jury, “That as the sheriff would not sell the property of Smith,' the maker of the note, until Pruett had indemnified him; and that, as the sheriff was sued fqr selling the property levied on, and a recovery had, and then a recovery against Pruett by the sheriff on the indemnifying bond; that these things were equivalent to payment of the judgment by Pruett: that Pruett would have the same right to sue Tucker on his endorsement, as if he had paid the debt himself without the sale of Smith’s property: that the payment to the sheriff on the indemnifying bond, was equivalent to a payment to him on the execution, and would entitle Pru-ett to every remedy he had and could have enjoyed, if he had paid the debt on the execution in the first instance.”
We are of opinion that this charge is unexceptionable. *560 It is said that property enough had been seized to satisfy , • r -r. , TT. t i • • i ^ j the execution ot Baxter and Hicks; admit it, and the aa-mission will not stand in the way of a recovery on the evidence and law of this case. Make the most of the levy and subsequent sale, and it was an experiment su-perinduced by Pruett for the benefit of the endorsers. The sheriff was not bound to levy or sell, until indemnified. Act of 1825, ch. 40, sec. 1, 2. We are not therefore to consider a levy made upon disputed property, and which turns out not to be the property of the debtor in execution, as a satisfaction to operate every where, and between all parties, no matter how they stand in relation to each other. We must look farther; and surely, when we see that Pruett, to save all the endorsers, has thrown himself in peril, we will not allow to those whose interest he was serving, a technical exception which the circumstances show would operate a great injustice, by throwing all the burthen upon him who acted promptly and in good faith. Strip the case of this guise, and consider Pruett as paying the judgment, and then liabilities are restored as they stood by the order of the respective endorsements. Even admit, as contended, that the judgment of Baxter and Hicks is satisfied, and that further proceedings on that judgment cannot be had, still, the argument proves nothing in this action which is not founded on the judgment, but on the consequences which flow from it. Tucker was first endorser; Pruett the second. The first being liable to the latter, all the circumstances must be looked to, to see if the liability continues. So long as Pruett was liable for this money,' Tucker stood liable to indemnify, and it cannot be material to Tucker how Pruett raised the fund that paid the debt; it is enough to say he did raise it out of his own funds, not out of the property of the maker of the note.
Judgment affirmed,